Filed 3/28/23  P. v. Belmonte CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>EDUARDO GARCIA BELMONTE, JR.,<br><br>     Defendant and Appellant. | F084537<br><br>(Super. Ct. No. F09903119)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Franson, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Defendant Eduardo Garcia Belmonte, Jr., was convicted of first degree murder and kidnapping in 2010. The jury also found true a felony-murder special-circumstance allegation the murder was committed while engaged in a kidnapping pursuant to Penal Code section 190.2, subdivision (a)(17)(B), and a vicarious arming enhancement pursuant to section 12022, subdivision (a)(1). (Undesignated statutory references are to the Penal Code.) Defendant filed a petition for resentencing under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) in 2021.[1] After appointing defendant counsel and holding a hearing, the court denied defendant's petition, concluding the special circumstance finding rendered him categorically ineligible for relief.

The parties now agree that, under the California Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), the court's order denying the petition should be reversed and the matter remanded for further proceedings. We, too, agree.

Accordingly, we reverse the court's order and remand the matter for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In 2010, a jury convicted defendant of first degree murder (§ 187; count 1) with a special circumstance that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)).

In 2021, defendant filed a petition for resentencing pursuant to section 1172.6 (former § 1170.95).[2] He averred a charging document had been filed against him that

---

[1]Defendant also petitioned for resentencing under Senate Bill 1437 in 2019. The court denied the petition, concluding defendant had not established a prima facie showing for relief because, with the intent to kill, he aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the murder in the first degree. Defendant did not timely appeal from that order.

[2]Effective June 30, 2022, the Legislature renumbered then effective section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute at that time, although prior changes had been implemented effective January 1, 2022. There is no

allowed the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Sen. Bill 1437). He also stated he was convicted of first degree murder but could not now be convicted because he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime. He also requested the appointment of counsel.

The court appointed defendant counsel and set the matter for a "prima facie hearing." At the hearing, the prosecutor argued the special circumstance finding barred defendant from relief, so defendant's petition should be denied without the court issuing an order to show cause (OSC). The prosecutor stated "the only basis that … would allow this court to deny this petition without a prima facie showing or an OSC would be that special circumstance finding." The prosecutor conceded that, without the special circumstance finding, "[defendant] would state a prima facie case."

The trial court noted, at the time, there was a conflict in the case law as to whether a special circumstance finding precluded relief, but the court concluded, "based upon the jury's verdict on the special circumstance that this relief is not applicable to" defendant.[3] The court denied the petition with prejudice.

## DISCUSSION

The parties agree reversal is required under *Strong*, *supra*, 13 Cal.5th 698.

dispute in this case that turns on any of these changes. For purposes of clarity, we refer to the statute as section 1172.6.

[3]The court further noted it had gone through the jury instructions and noted, "while there was aiding and abetting, it was only as to the target crime."

## I. Applicable Law

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime.*" (§ 188, italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and

4.

acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 853.) Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c).) If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Analysis

Defendant argues he made a prima facie claim for resentencing and the court erred in relying on the special circumstance to deny his petition at the prima facie stage; the People agree.

In *Strong*, the California Supreme Court resolved a dispute among the California appellate courts and held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *People v. Banks* (2015) 61

5.

Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 does not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The *Strong* court reasoned that *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and … to act with reckless indifference to human life." (*Strong*, at pp. 706–707.)

*Strong* is dispositive of this case. Here, the special circumstance finding was made before *Banks* and *Clark* and therefore it is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Because the People have presented no other basis to deny the petition at the prima facie stage, the order denying the petition must be reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The June 24, 2022, order denying the petition is reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).